Case 1:14-cv-02152-RBW   Document 3   Filed 12/19/14   Page 1 of 19

09G  2:57pm
11/24/2014
M.T
Aku
GL:3
J. Pittman



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TAMIKQUELA J. CHERRY
Vs.
DISTRICT OF COLUMBIA

C.A. No.   2014 CA 007467 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge STUART G NASH
Date: November 21, 2014
Initial Conference: 9:30 am, Friday, February 20, 2015
Location: Courtroom A-47
515 5th Street NW
WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Tamikquela J. Cherry, as parent and next friend of D.C., a minor
_____
Plaintiff

vs.

District of Columbia A Municipal Corporation -
Serve: Honorable Vincent C. Gray, Mayor
_____
Defendant

Case Number   **14-0007467**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

F. Scott Lucas, Esquire
Name of Plaintiff's Attorney

1100 New York Avenue, Suite 340
Address
Washington, DC 20005

(202) 682-5800
Telephone

*Clerk of the Court*

By ___Adrienne J. Marsh___
Deputy Clerk

Date  11/21/2014

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                           CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
                                    Demandante
                    contra
                                                        Número de Caso: _____

_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                                        Por: _____
_____                       Subsecretario
Dirección

_____
                                                        Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Đế có môt bài dich, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요       የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Tamikquela J. Cherry, as parent and next friend of D.C., a minor

Case Number: _____

VS

Date: 11/20/14

District of Columbia A Municipal Corporation c/o Office of the Secretary

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* F. Scott Lucas, Esquire | Relationship to Lawsuit |
|---|---|
| Firm Name: The Cochran Firm | [X] Attorney for Plaintiff |
| Telephone No.: 202-682-5800    Six digit Unified Bar No.: 476958 | ☐ Self (Pro Se) ☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury    [X] 6 Person Jury    ☐ 12 Person Jury

Demand: $_____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____   Judge: _____   Calendar #:_____

Case No.:_____   Judge: _____   Calendar#:_____

| NATURE OF SUIT:    *(Check One Box Only)* |
|---|

**A. CONTRACTS**                                      **COLLECTION CASES**

☐ 01 Breach of Contract         ☐ 07 Personal Property            ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty         ☐ 09 Real Property-Real Estate    ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument      ☐ 12 Specific Performance         ☐ 17 OVER $25,000
☐ 15 Special Education Fees     ☐ 13 Employment Discrimination

**B. PROPERTY TORTS**

☐ 01 Automobile              ☐ 03 Destruction of Private Property    ☐ 05 Trespass
☐ 02 Conversion              ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 09 Harassment                    ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 10 Invasion of Privacy                  Not Malpractice)
[X] 03 Assault and Battery         ☐ 11 Libel and Slander             ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 12 Malicious Interference        ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 13 Malicious Prosecution         ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 14 Malpractice Legal             ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                         ☐ 16 Negligence- (Not Automobile,  ☐ 23 Tobacco
                                        Not Malpractice)              ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jan 13

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_/s/_ _____
Attorney's Signature

21 Nov 14
Date

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| TAMIKQUELA J. CHERRY, as parent and next friend of D.C., a minor<br>2505 12th Place, SE, Apt. 304<br>Washington DC, 20020<br><br>    Plaintiff,<br><br>vs.<br><br>DISTRICT OF COLUMBIA<br>A Municipal Corporation<br>c/o Office of the Secretary<br>John A. Wilson Building, Suite 419<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>SERVE:<br>The Honorable Vincent C. Gray<br>Mayor of the District of Columbia<br>c/o Office of the Secretary<br>John A. Wilson Building, Suite 419<br>1350 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br><br>And<br><br>SERVE:<br>Irvin Nathan, Attorney General for<br>the District of Columbia<br>Office of the Attorney General,<br>Civil Litigation Division<br>441 4th St., NW, Room 600-South<br>Washington, D.C. 20001<br><br>    Defendant. | Civil Action No.: 14 - 0007467 |

FILED
CIVIL ACTIONS BRANCH
NOV 21 2014
Superior Court
of the District of Columbia
Washington, D.C.

1

## COMPLAINT

COMES NOW the Plaintiff, through undersigned counsel, and brings this action for damages against Defendant District of Columbia and in support thereof states that:

## JURISDICTION

1. The Court has jurisdiction over the persons and subject matter of this action based on D.C. Code § 11-921.

2. Venue is proper in this Court as the relevant events took place in the District of Columbia.

3. The District of Columbia was given notice of this claim pursuant to D.C. Code § 12-309 on January 6, 2014.

## THE PARTIES

4. Plaintiff Tamikquela J. Cherry ("Ms. Cherry") is the mother and next friend of D.C., a minor, who was injured as a result of police sexual assault. Ms. Cherry and D.C. reside at 2505 12th Place, SE, Apt. 304, Washington DC, 20020.

5. The Defendant is the District of Columbia, a municipal corporation, acting through the Metropolitan Police Department ("MPD"). The MPD has its principal place of business at 300 Indiana Ave., NW, Washington, DC 20001.

## FACTUAL BACKGROUND

6. During the late evening hours of November 30, 2013 Ms. Cherry reported to the MPD that her 15-year-old daughter, D.C., had run away from home. Upon information and belief a Metropolitan Police Officer by the name of Marcus Washington ("Officer Washington") was

assigned to the Cherry case, and in the early morning hours of December 1, 2013 responded to the Cherry home to speak with Ms. Cherry.

7. During the early afternoon of December 1, 2013, D.C. returned home from a friend's house. Ms. Cherry immediately notified the MPD of D.C.'s return and withdrew the missing persons report. Notwithstanding same, on December 1, 2013 at approximately 11:40 p.m. Officer Washington came to the Cherry home under the guise and pretense of concluding his "investigation." Officer Washington instructed the family that he had to speak to D.C. alone and took her into a back bedroom of the home away from her mother where he proceeded to close the door. While in the bedroom with the door closed, Officer Washington firmly ordered D.C. to undress partially at first before forcing her to disrobe entirely. D.C. protested but was told that the photographs were necessary to document her scars, injuries and tattoos. D.C. informed Officer Washington that she had no injuries and did not want to disrobe. Nonetheless, Officer Washington persisted and insisted that D.C. do as he had ordered. Feeling fearful and compelled to obey D.C. did as she had been ordered. Once D.C. was undressed Officer Washington proceeded to take photographs of her vaginal, breast, and anal areas, ordering her to position her body in various ways as he did so.

8. After Officer Washington left the apartment D.C., tearful and distraught, reported the incident to her mother who promptly contacted the police department. Upon information and belief, Officer Washington was questioned regarding his actions, his camera was confiscated and he was subsequently arrested.

9. The actions of Officer Washington amount to intentional sexual assault and assault, intentional infliction of emotional distress, malicious trespass and false imprisonment. Plaintiff alleges that Defendant District of Columbia Government is responsible for the actions

taken by Officer Washington that were committed during his duties as an Officer of the Metropolitan Police Department and that Defendant District of Columbia was negligent for placing Officer Washington in a position to force D.C. to submit to this assault as a pretense of an investigation. Plaintiff alleges that Defendant District of Columbia is liable for D.C.'s injuries.

10.  D.C. has suffered emotional injury as a result of this incident and will continue to suffer emotional distress.

## COUNT I: RESPONDEAT SUPERIOR
### (Assault)

11.  Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

12.  Defendant District of Columbia is liable for compensatory damages under the doctrine of respondeat superior for the torts of Officer Washington committed within the scope of his employment and in furtherance of MPD's interests.

13.  Officer Washington, while acting as an agent and employee for Defendant District of Columbia and in his capacity as a police officer of MPD, owed a duty to D.C. to perform his police work without the use of intimidation, coercion, verbal and sexual abuse, and without refusing D.C. her constitutional rights or otherwise abusing his authority. Officer Washington's use of intimidation, coercion, verbal and sexual abuse upon D.C., and his refusal to abide by D.C.'s constitutional rights in forcing D.C. to disrobe and pose for photographs constitutes assault for which Defendant District of Columbia is liable.

14.  The forced undressing of D.C. and the photographing of D.C.'s private and other parts of her body, all against her protestations, by Officer Washington when he had no lawful

authority or consent from D.C. to do so was without justification, was excessive, and constitutes assault for which Defendant District of Columbia is liable.

15. Officer Washington's tone and mannerisms toward D.C. as he ordered her to disrobe evoked in D.C. an apprehension of imminent physical harm or offensive contact, it being at all times clear to D.C. that Officer Washington possessed the then present ability to carry out the harmful or offensive contact.

16. As a proximate result of the assault committed by Officer Washington Plaintiff has sustained injuries. These injuries include emotional injury and distress, past and future, and have caused and will continue to cause Plaintiff great pain and suffering, mental anguish and distress.

17. At all times during the incident, Officer Washington was acting within the scope of his employment as an officer of the Defendant District of Columbia Police Department and in furtherance of Defendant's interests.

WHEREFORE, Plaintiff prays for judgment against Defendant District of Columbia, in the fair and just amount of TEN MILLION DOLLARS ($10,000,000.00) together with post-judgment interest, costs and all such other appropriate relief.

### COUNT II: RESPONDEAT SUPERIOR
(Intentional Infliction of Emotional Distress)

18. Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

19. Defendant District of Columbia is liable for compensatory damages under the doctrine of respondeat superior for the torts of Officer Washington committed within the scope of his employment and in furtherance of MPD's interests.

20. Officer Washington, while acting within the scope of his employment and in furtherance of Defendant's interests, engaged in, instigated, and directed a course of extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff, for which the District of Columbia is liable.

21. Officer Washington's intentional isolation of D.C. from her mother, coupled with his forcing D.C. to undress in order to take photographs of her vagina, breast, and anal area under the pretense of checking for scars or injuries, constitutes extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress to Plaintiff, for which the District of Columbia is liable.

22. As a proximate result of the acts alleged herein, Plaintiff suffered severe and extreme emotional distress and will suffer in the future severe and extreme emotional distress, entitling her to damages.

23. At all times during the incident Officer Washington was acting within the scope of his employment as an agent of the Defendant in the form of an officer of the Metropolitan Police Department and in furtherance of Defendant's interests.

WHEREFORE, Plaintiff prays for judgment against Defendant District of Columbia, in the fair and just amount of TEN MILLION DOLLARS ($10,000,000.00) together with post-judgment interest, costs and all such other appropriate relief.

### COUNT III: RESPONDEAT SUPERIOR
**(Malicious Trespass)**

24. Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

25. Defendant District of Columbia is liable for compensatory damages under the doctrine of respondeat superior for the torts of Officer Washington committed within the scope of his employment.

26. Officer Washington, while acting within the scope of his employment and in furtherance of Defendant's interests, remained on Plaintiff's property on December 1, 2013 without proper authorization, having developed the malicious intent to commit sexual assault, for which the District of Columbia is liable.

27. Plaintiff did not give Officer Washington authorization to remain on her property for criminal and tortious purposes. Officer Washington, while acting within the scope of his employment and in furtherance of Defendant's interests, falsely perpetuated access to Plaintiff's property under the guise of an investigation for a missing persons incident, for which the District of Columbia is liable. That farce of an investigation included forcing D.C. to disrobe and pose nude for photographs taken by Officer Washington.

28. As a proximate result of the acts alleged herein, Plaintiff suffered severe and extreme emotional distress and will suffer in the future severe and extreme emotional distress, entitling her to damages.

29. At all times during the incident, Officer Washington was acting within the scope of his employment as an officer of the Defendant District of Columbia Police Department and in furtherance of the Defendant's interests.

WHEREFORE, Plaintiff prays for judgment against Defendant District of Columbia, in the fair and just amount of TEN MILLION DOLLARS ($10,000,000.00) together with post-judgment interest, costs and all such other appropriate relief.

## COUNT V: RESPONDEAT SUPERIOR
### (False Imprisonment)

7

30. Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

31. Defendant District of Columbia is liable for compensatory damages under the doctrine of respondeat superior for the torts of Officer Washington committed within the scope of his employment.

32. Through actions described herein on December 1, 2013 Officer Washington, while acting within the scope of his employment and in furtherance of Defendant's interests, intentionally confined D.C. to her bedroom without lawful justification and against her will. D.C. did not consent to such confinement and in fact protested Officer Washington's actions. Officer Washington's use of intimidation, coercion, and abuse of his police authority in intentionally confining D.C. against her will constitutes false imprisonment for which the District of Columbia is liable.

33. As a proximate result of the acts alleged herein, Plaintiff suffered severe and extreme emotional distress and will suffer in the future severe and extreme emotional distress, entitling her to damages.

34. At all times during the incident, Officer Washington was acting within the scope of his employment as an officer of the Metropolitan Police Department and in furtherance of Defendant's interests.

WHEREFORE, Plaintiff prays for judgment against Defendant District of Columbia, in the fair and just amount of TEN MILLION DOLLARS ($10,000,000.00) together with post-judgment interest, costs and all such other appropriate relief.

### COUNT VI: NEGLIGENCT SUPERVISION AND TRAINING

35. Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

36. Defendant District of Columbia owed a duty to Plaintiff to train, supervise and otherwise control its police officers in the use of coercion, intimidation, verbal, physical, and sexual abuse, violation of constitutional guarantees and other matters incidental to the exercise of police functions.

37. On knowledge, information, and belief, Defendant District of Columbia failed to provide adequate training, supervision, and control of Officer Washington, which such failure constitutes negligence.

38. The failures include, *inter alia*, not properly communicating that the investigation had concluded and not properly supervising Officer Washington such that he returned to Plaintiff's home though the investigation had concluded. The above actions and omissions caused the injuries to Plaintiff. Defendant District of Columbia, as the sponsoring agency, approved and/or condoned the acts of the police officer involved in the treatment of Plaintiff, thus any and all liability on the part of the officers is imputed to Defendant District of Columbia.

39. As a proximate result of Defendant District of Columbia's negligent failure to provide adequate training, supervision, and control of Officer Washington, Plaintiff has sustained injuries and has incurred and will continue to incur expenses related to those injuries. These injuries have caused and will continue in the future to cause Plaintiff emotional pain and suffering and mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant District of Columbia, in the fair and just amount of TEN MILLION DOLLARS ($10,000,000.00) together with post-judgment interest, costs and all such other appropriate relief.

### COUNT VII: 42 U.S.C. § 1983 – Physical and Sexual Force in violation of the Fourth and Fourteenth Amendments and Deliberate Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981

40. Plaintiff incorporates by reference the above paragraphs as though fully alleged herein.

41. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

42. Plaintiff in this action is a citizen of the United States and the individual police officer involved in this claim is a person for purposes of 42 U.S.C. § 1983.

43. The individual police officer involved with this claim, at all times relevant hereto, was acting under the color of District of Columbia law in his capacity as a Metropolitan Police Officer, and his acts or omissions were conducted within the scope of his official duties or employment.

44. At the time of the complained of events D.C. had a clearly established constitutional right under the Fourth Amendment as applied to the states and the District of Columbia via the Fourteenth Amendment to be secure in her person against search, seizure restraint, deprivation of liberty, unreasonable intimidation, coercion, and verbal and sexual abuse.

45. D.C. also had a clearly established constitutional right under the Fourth Amendment as applied to the states and the District of Columbia via the Fourteenth Amendment

to bodily integrity and to be free from unreasonable intimidation, coercion, and verbal, physical, and sexual abuse by law enforcement.

46. Any reasonable police officer knew or should have known of these clearly established rights at the time of the complained of conduct.

47. Officer Washington's actions and use of intimidation, coercion, deceit, and verbal and sexual abuse, as described herein, all while exercising the authority of his office, were objectively unreasonable in light of the facts and circumstances confronting them and violated D.C.'s constitutional rights under the Fourth Amendment as applied to the states and the District of Columbia via the Fourteenth Amendment.

48. Officer Washington's actions and use of intimidation, coercion, and verbal, physical, and sexual abuse, as described herein, were malicious and/or involved reckless, callous, and deliberate indifference to D.C.'s federally protected rights. The force used by Officer Washington shocks the conscience and violated D.C.'s constitutional rights under the Fourth Amendment as applied to the states and the District of Columbia via the Fourteenth Amendment.

49. Officer Washington unlawfully falsely imprisoned D.C. by means of objectively unreasonable, excessive and conscience-shocking misuse of his police powers and authority, thereby unreasonably depriving D.C. of her freedom.

50. Defendant District of Columbia and Officer Washington engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

51. Defendant District of Columbia and Officer Washington engaged in this conduct with a shocking and willful indifference to Plaintiff's rights and a conscious awareness that the conduct would cause Plaintiff severe physical and emotional injuries.

52.     The acts or omissions of Defendant District of Columbia as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages. Officer Washington and as the sponsoring authority, the District of Columbia, at all times relevant hereto, was acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

53.     As a proximate result of Officer Washington's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages. The above actions and omissions caused the injuries to Plaintiff. Defendant District of Columbia, as the sponsoring authority, approved and/or condoned the acts of Officer Washington in his treatment of Plaintiff, thus any and all liability on the part of Officer Washington is imputed to Defendant District of Columbia.

WHEREFORE, Plaintiff prays for judgment against Defendant District of Columbia, in the fair and just amount of TEN MILLION DOLLARS ($10,000,000.00) compensatory damages together with post-judgment interest, costs and all such other appropriate relief.

**Respectfully submitted,**
**COCHRAN FIRM**

By: _____
F. Scott Lucas, Esq., D.C. Bar #476958
THE COCHRAN FIRM
1100 New York Ave NW
Suite 340, West Tower
Washington, DC 20005
Telephone: (202) 682-5800
Fax: (202) 408-8851
slucas@cochranfirm.com
Attorney for Plaintiff

## JURY DEMAND

The Plaintiff, through counsel, hereby demands a trial by jury of all allegations contained herein.

_____
F. Scott Lucas